**Nos. 23-1647; 23-1648; 23-1649; 23-1650; 23-1651; 23-1652**

IN THE

# United States Court of Appeals
## FOR THE THIRD CIRCUIT

OI EUROPEAN GROUP, B.V.,

*Plaintiff-Appellee,*

-v-

BOLIVARIAN REPUBLIC OF VENEZUELA,

*Defendant,*

PETRÓLEOS DE VENEZUELA, S.A.,

*Intervenor-Appellant.*

*(caption continued on inside cover)*

On Appeal from the United States District Court for the District of Delaware
Misc. Nos. 19-mc-290; 20-mc-257; 21-mc-46; 21-mc-481; 22-mc-156; 22-mc-453
The Honorable Leonard P. Stark, United States Circuit Judge

## APPELLANT'S RESPONSE TO EMERGENCY MOTION FOR RECONSIDERATION OF THIS COURT'S ADMINISTRATIVE STAY

CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP
Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
Aubre G. Dean
Allesandra D. Tyler
101 Park Avenue
New York, NY 10178
(212) 696-6000

*Attorneys for Intervenor-Appellant Petróleos de Venezuela, S.A.*

---

NORTHROP GRUMMAN SHIP SYSTEMS, INC.,

*Plaintiff-Appellee,*

-v-

THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA,

*Defendant,*

PETRÓLEOS DE VENEZUELA, S.A.,

*Intervenor-Appellant.*

---

ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD.,
and LDO (CAYMAN) XVIII LTD.,

*Plaintiffs-Appellees,*

-v-

BOLIVARIAN REPUBLIC OF VENEZUELA,

*Defendant,*

PETRÓLEOS DE VENEZUELA, S.A.,

*Intervenor-Appellant.*

---

RUSORO MINING LIMITED,

*Plaintiff-Appellee,*

-v-

BOLIVARIAN REPUBLIC OF VENEZUELA,

*Defendant,*

PETRÓLEOS DE VENEZUELA, S.A.,

*Intervenor-Appellant.*

---

KOCH MINERALS SARL and KOCH NITROGEN INTERNATIONAL SARL,

*Plaintiffs-Appellees,*

-v-

BOLIVARIAN REPUBLIC OF VENEZUELA,

*Defendant,*

PETRÓLEOS DE VENEZUELA, S.A.,

*Intervenor-Appellant.*

---

GOLD RESERVE INC.,

*Plaintiffs-Appellees,*

-v-

BOLIVARIAN REPUBLIC OF VENEZUELA,

*Defendant,*

PETRÓLEOS DE VENEZUELA, S.A.,

*Intervenor-Appellant.*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1 and Third Circuit LAR 26.1, Petróleos de Venezuela, S.A. (PDVSA) hereby discloses that PDVSA is a Venezuelan corporation that is wholly owned by the Venezuelan government. No publicly owned company not a party to this appeal has a financial interest in the outcome of this litigation.

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ........................................................ iii

INTRODUCTION ..................................................................................................1

BACKGROUND ....................................................................................................4

APPELLEES HAVE NO GROUNDS FOR  RECONSIDERATION OF THIS
COURT'S STAY ORDER ....................................................................................14

CONCLUSION ....................................................................................................19

CERTIFICATES OF COMPLIANCE

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Blystone v. Horn*,
 664 F.3d 397 (3d Cir. 2011) ...................................................................15

*Compass Tech. v. Tseng Lab.*,
 71 F.3d 1125 (3d Cir. 1995) ...................................................... 15, 17

First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba,
 462 U.S. 611 (1983)..................................................................................4

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*,
 602 F.3d 237 (3d Cir. 2010) ...................................................................15

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
 213 F.3d 841 (5th Cir. 2000) ...................................................................9

*Lazaridis v. Wehmer*,
 591 F.3d 666 (3d Cir. 2010) ...................................................................16

*Max's Seafood Cafe By Lou-Ann, Inc. v. Quinteros*,
 176 F. 3d 669 (3d Cir. 1999) ...................................................................15

*OI European Grp. B.V. v. Bolivarian Republic of Venezuela*,
 No. 19-290-LPS, 2023 U.S. Dist. LEXIS 49287 (D. Del. Mar. 23, 2023) ...........5

*OR v. Hutner*,
 576 F. App'x 106 (3d Cir. 2014) ...........................................................15

*Process & Indus. Devel. Ltd. v. Federal Republic of Nigeria*,
 962 F.3d 576 (D.C. Cir. 2020)..................................................................9

**Federal Rules**

Fed. R. App. P. 28(j) ...............................................................................15

Fed. R. Civ. P. 59(e)................................................................................14

**Other Authorities**

OFAC FAQ No. 808 ...................................................................................8

OFAC FAQ No.1123 ..................................................................................8

OFAC License No. VENEZUELA-EO13884-2023-1057131-1 ...........................8

PDVSA respectfully submits this response to Appellees' emergency motion for reconsideration of this Court's order, dated May 5, 2023 (the "Stay Order"), staying the proceedings in six separate but related cases (the "Appealed Cases") in the U.S. District Court for the District of Delaware (the "District Court") pending this Court's disposition of PDVSA's above-captioned consolidated appeals.

## INTRODUCTION

Appellees' motion for reconsideration of this Court's Stay Order is based entirely on their assertion that a license issued by OFAC on May 1, 2023 (the "May 1 License") constitutes "new" evidence. But reconsideration based on new evidence is only appropriate where the party seeking reconsideration could not have discovered such evidence prior to entry of the order at issue. Here, Appellees admit that they were aware of the May 1 License before this Court entered the Stay Order. Appellees thus could have apprised this Court of the May 1 License, but they did not.

Furthermore, as Appellees acknowledge, reconsideration is not appropriate where the motion for reconsideration repeats the same arguments made in the prior motion papers. But that is exactly what Appellees do in their motion. In their opposition briefs, Appellees argued that they would be prejudiced if the stay was granted because other creditors would be able to serve their writs of attachments and gain priority over Appellees in light of new guidance issued by OFAC on

May 1, 2023.  Appellees repeat the exact same arguments in their reconsideration motion and point to the May 1 License as additional support.  Accordingly, the May 1 License is merely cumulative and does not constitute new material evidence warranting reconsideration.[1]

Appellees' request for emergency reconsideration is further undermined by their own inaction.  Appellees learned of the May 1 License at approximately 4 p.m. on May 4 – about a full day before this Court issued the Stay Order and nearly a week before they sought reconsideration of that Order.  Moreover, if Appellees truly believed that they will be prejudiced if other creditors are able to serve their writs of attachment and gain priority over Appellees during the stay, Appellees should have sought relief in the first instance in the District Court.  Even before the Stay Order was entered, third party creditors, such as ConocoPhillips and Red Tree, had already filed motions, based on the May 1 OFAC guidance, to serve writs of attachment and argued that they were entitled to priority over Appellees.  Yet, Appellees did not seek to hold these cases in abeyance – even when ConocoPhillips and Red Tree reiterated their positions in a joint status report filed in the Appealed Cases.

---

[1] The May 1 License has no bearing on the analysis of most of the critical issues raised in PDVSA's Stay Motion, including the divestiture doctrine, PDVSA's likelihood of success on the merits, and the prejudice to PDVSA in the absence of a stay.

Appellees have failed to show that any prejudice will result from continuing the stay. Appellees have never disputed Red Tree and ConocoPhillips' arguments that they are entitled to priority over Appellees. Appellees have simply ignored those creditors and their positions. Appellees' claims that they might miss the deadline to have their judgments designated as "Additional Judgments" under the Sale Procedures Order entered in a separate related litigation, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 17-mc-151-LPS, D.I. 481 (D. Del) (the "*Crystallex* Sale Procedures Order"), are speculative, at best. No such deadline has been entered,[2] and Appellees have previously acknowledged that the deadline is likely months away.

Finally, Appellees' motion for reconsideration of this Court's Stay Order should be denied in light of Appellees' willful disregard of that Order. Despite the fact that this Court stayed the District Court proceedings in the Appealed Cases, Appellees have continued to make submissions in the District Court and have advocated for moving forward with the attachment and execution of PDVSA's property to satisfy their judgments that had been entered solely against the Bolivarian Republic of Venezuela (the "Republic"). Appellees have apparently convinced the District Court, which has invited Appellees to participate and seek

---

[2] Per this Court's order, PDVSA has submitted a letter today discussing the pertinent deadlines under the *Crystallex* Sale Process Order and explaining that no such deadlines have been set. *See* PDVSA's Letter at 2-3.

relief in cases that are not subject to the stay, such as *Crystallex*. Accordingly, this Court should deny Appellees' motion for reconsideration and clarify that Appellees are not permitted to circumvent the stay by moving forward in *Crystallex* or any other case.

## **BACKGROUND**

Appellees hold judgments entered solely against the Republic and moved for a writ of attachment *fieri facias* against PDVSA's shares in PDVH on the theory that PDVSA is the alter ego of the Republic and so those shares should be treated as property of the Republic. PDVSA opposed the attachment motions on various grounds, including, inter alia, (i) PDVSA and its assets are entitled to immunity under the FSIA, 28 U.S.C. §§ 1604, 1609; (ii) PDVSA is separate from the Republic under *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983) ("*Bancec*"), and thus the Republic's waiver of immunity cannot be imputed to PDVSA or its assets; (iii) Federal Rule of Civil Procedure 69(a) requires the application of Delaware law to the merits question of whether PDVSA's shares in PDVH can be executed upon to satisfy a judgment against the Republic, and Appellees cannot show the fraud or similar injustice required under Delaware law, and (iv) any attachment of PDVSA's shares of PDVH is prohibited under the Venezuelan Sanctions Regime.

On March 23, 2023, the District Court issued an Opinion and Order (the "March 23 Order") denying PDVSA's immunity and holding that PDVSA was the alter ego of the Republic under *Bancec* and thus that its assets were subject to execution to satisfy judgments held by the Republic's creditors, notwithstanding the dictates of Rule 69. *OI European Grp. B.V. v. Bolivarian Republic of Venezuela*, No. 19-290-LPS, 2023 U.S. Dist. LEXIS 49287 (D. Del. Mar. 23, 2023). The District Court also granted the attachment motions but conditioned the issuance and service of the writs on OFAC granting the requisite licenses or lifting the sanctions. *Id.* The March 23 Order directed the parties to submit a joint status report stating their position on how the District Court should proceed and to appear for a status conference on March 30, 2023. *Id.*

The parties filed a joint status report on March 28, 2023. *OIEG*, 19-mc-290-LPS, D.I. 133. Appellee ACL took the position that no further proceedings were warranted in light of PDVSA's anticipated appeal. *Id.* at 5. All of the other Appellees took the position that their judgments should be added as "Additional Judgments" under the Crystallex Sale Procedures Order. *Id.* at 3-8. PDVSA took the position that the District Court would be divested of jurisdiction to proceed any further upon PDVSA's filing of its notices of appeal. *Id.* at 8-9.

On March 30, 2023, the District Court held a status conference in the Appealed Cases to discuss next steps. Other creditors, including Crystallex,

ConocoPhillips and Red Tree, appeared and participated in the conference.

Appellees agreed to defer briefing on the issue of whether their judgments should

be added as Additional Judgments under the *Crystallex* Sale Procedures Order until

after April 30, 2023 when the Special Master in *Crystallex* was expected to submit

a supplemental report that might contain guidance from OFAC.  *See* Hrg. Tr.,

*OIEG*, 19-mc-290-LPS, D.I. 137 at 11, 18, 38-43.

On April 4, 2023, the District Court entered an Oral Order directing

Appellees to meet and confer and to "submit a joint status report with a proposed

briefing schedule regarding which judgments should be regarded as 'Additional

Judgments' under the Sale Procedures Order" within seven days of the Special

Master filing its Supplemental Report in *Crystallex*.  *OIEG*, 19-mc-290-LPS, D.I.

134.  That order also directed Appellees to include the views of the Sale Process

Parties (which includes Crystallex and ConocoPhillips) and Red Tree in the joint

status report.

On April 6, 2023, PDVSA filed timely notices of appeal and concurrently

filed a motion in the District Court for an order recognizing that the court was

divested of jurisdiction or, alternatively, for an unconditional stay pending

PDVSA's appeals.  *OIEG*, 19-mc-290-LPS, D.I. 135, 136.

On April 28, 2023, before the District Court ruled on PDVSA's stay motion,

the Special Master filed his Supplemental Report. *Crystallex*, No. 17-mc-151-LPS,

D.I. 553.  In that report, the Special Master recommended setting a date as early as

June 5, 2023 as the "Preparation Launch Date" and setting September 5, 2023 as

the "Launch Date."[3]  *Id*. at 3.  Attached to the Supplemental Report was a letter

from the U.S. Department of Justice, stating that "[w]hile the United States

Government does not necessarily agree with the [District] Court's construction of

OFAC's regulations and authorities" with respect to the prefatory steps allowed

before a sale can occur, the U.S. government would not take enforcement action

against any party for participating in or complying with the Sale Procedures Order

entered in *Crystallex*. No. 17-mc-151-LPS, D.I. 553-1 at 1-2.

Later that evening, on April 28, the District Court denied PDVSA's stay

motion.  *See OIEG*, 19-mc-290, D.I. 146.

On May 1, 2023, at 2:30 a.m., ConocoPhillips filed a motion in the District

Court for the issuance and service of writs of attachment, arguing that the letter

appended to the Special Master's report reflected a change in the Venezuelan

Sanctions Regime and that attachments of the PDVH shares were no longer

prohibited.  *See ConocoPhillips Gulf of Paria B.V. v. Petróleos de Venezuela, S.A.,*

*("ConocoPhillips")*, 22-mc-0264-LPS, D.I. 23 (May 1, 2023).  ConocoPhillips

took the position that, because it holds judgments against PDVSA (not the

Republic) and obtained orders granting conditional writs of attachment prior to the

[3] Per this Court's order, PDVSA has submitted a letter today discussing the pertinent deadlines and prefatory steps under the *Crystallex* Sale Process Order.

March 23 Order, its writs of attachment should be served before any writs are served on behalf of Appellees on the grounds that ConocoPhillips should have priority over Appellees.  *Id.*

Later that same day, May 1, OFAC issued new guidance on the Venezuelan Sanctions Regime.  OFAC's guidance reiterates that the U.S. government would not take enforcement action against any party for participating in or complying with the *Crystallex* Sale Procedures Order and states that "creditors may file for writs of attachment without the need for OFAC authorization for matters involving property blocked under the VSR."  OFAC FAQ Nos. 808, 1123, *available at* https://ofac.treasury.gov/faqs/topic/1581.

Also on May 1, OFAC issued the May 1 License to the Clerk of the District Court authorizing "the issuance and service of a writ of attachment fieri facias for any party named an 'Additional Judgment Creditor' by the [District] Court pursuant to the [*Crystallex*] Sale Procedures Order."  OFAC License No. VENEZUELA-EO13884-2023-1057131-1.  That license was not made public until the District Court disclosed it on May 4.  *Crystallex*. No. 17-mc-151-LPS, D.I. 555.

At approximately 5 p.m. on May 1, PDVSA filed its Emergency Stay Motion in this Court.  *See, e.g., OIEG Appeal*, 23-1647, D.I. 20.  That Motion argued that the District Court was divested of jurisdiction to move forward in these

cases pending the outcome of the present appeals. *Id.* at 11-14. PDVSA further argued that, even assuming the District Court retained jurisdiction, this Court should nevertheless stay the proceedings in the District Court. *Id.* at 15-22. PDVSA explicitly argued:

> If the District Court were to move forward in these cases, including by treating these judgments as Additional Judgments under the Sale Procedures Order or <u>even requiring PDVSA to brief that issue, during the pendency of PDVSA's appeals,</u> each additional step would be an impermissible infringement on PDVSA's presumptive immunity and would deny PDVSA the full benefits to which it is entitled under the FSIA. *See Process & Indus. Devel. Ltd. v. Federal Republic of Nigeria*, 962 F.3d 576, 581, 584 (D.C. Cir. 2020); *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000).

*Id.* at 14 (emphasis added). Because the District Court had already ordered the parties to submit a joint status report in the Appealed Cases proposing a briefing schedule on such matters by May 8, PDVSA filed its Stay Motion on an emergency basis and requested the entry of a stay by May 5. This Court directed Appellees to respond to PDVSA's Stay Motion by May 4, 2023. *See OIEG Appeal*, 23-1647, D.I. 21.

On May 2, 2023, Red Tree filed a motion in the District Court for the issuance and service of writs of attachment and argued that Red Tree was entitled to have priority over Appellees. *See Red Tree Investments LLC v. Petróleos de*

*Venezuela, S.A., ("Red Tree")*, No. 22-mc-0069-LPS, D.I. 28.  Red Tree based its motion on the OFAC guidance issued on May 1.  *Id.*

Pursuant to the District Court's order, on May 3, 2023, counsel for Appellees, ConocoPhillips, Red Tree, Crystallex, PDVSA, and the other Venezuela Parties met and conferred to discuss briefing on designating judgments as Additional Judgments under the *Crystallex* Sale Procedures Order.  Counsel for Appellees indicated that they were aware of the motions filed by ConocoPhillips and Red Tree for the issuance and service of writs of attachment based on the new OFAC guidance and the U.S. government's letter appended to the Special Master's April 28 supplemental report.

On May 4, 2023, at approximately 9 a.m., Appellees filed oppositions to PDVSA's Stay Motion in this Court.  Appellees argued that they would be prejudiced if this Court granted the stay because it would allow other creditors to serve their writs of attachment during the stay and establish higher priority than Appellees.  *See, e.g.,* OIEG Opp., No. 23-1647, D.I. 22 at 16-18.  In support of that argument, certain Appellees argued that new OFAC guidance issued on May 1 allowed creditors to serve writs of attachments and have their judgments added as Additional Judgments under the *Crystallex* Sale Procedures Order.  *See* Koch Opp., No. 23-1651, D.I. 26 at 14-15; Huntington Opp*.,* No. 23-1648, D.I. 21 at 14-15; ACL Opp., No. 23-1649, D.I. 22 at 15-16.  Appellees further argued that they

could miss the deadline for having their judgments added to the *Crystallex* Sale Procedure Order – although they acknowledged that deadline was still months away. *See, e.g.,* OIEG Opp., No. 23-1647, D.I. 22 at 17-18. Just hours after Appellees filed their opposition briefs, PDVSA filed a reply brief. *See, e.g.,* PDVSA Reply, No. 23-1647, D.I. 23.

Later that same day, May 4, at approximately 4 p.m., the District Court entered a memorandum and order in the Appealed Cases disclosing the May 1 License. *See, e.g., OIEG*, 19-mc-290-LPS, D.I. 147. Hours later, at approximately 8 p.m., Appellees circulated a draft of the joint status report due on May 8, 2023 in which Appellees took the position that, in light of the May 1 License, there were no obstacles to adding their judgments as Additional Judgments under the *Crystallex* Sale Procedures Order. However, Appellees did not notify this Court of the May 1 License.

At approximately 1 p.m. on May 5, 2023, this Court entered the Stay Order referring PDVSA's Stay Motion to the merits panel and administratively staying the proceedings in the District Court pending further order of this Court. *See, e.g.,* Stay Order, No. 23-1647, D.I. 24. The Stay Order further provides for an expedited schedule for briefing the merits of the appeals. *Id.*

Despite this Court's Stay Order, Appellees insisted on filing a joint status report in the Appealed Cases in the District Court on May 8, 2023. *See, e.g.,*

*OIEG*, 19-mc-0290-LPS, D.I. 150.  In that status report, Appellees took the position that, in light of the May 1 License, the OFAC sanctions no longer prohibited their judgments from being added as Additional Judgments under the *Crystallex* Sale Procedures Order.  *Id.* at 2-3.  Appellees proposed briefing on which judgments should be regarded as Additional Judgments and what procedures should be implemented to address service of the writs of attachment and the priority of the resulting liens on the PDVH shares.  *Id.* at 3.  Appellees proposed filing their opening briefs on these issues either (i) 10 days after this Court's stay is lifted or (ii) 10 days after the "Preparation Launch Date" under the *Crystallex* Sale Procedures Order – notwithstanding this Court's Stay Order.  *Id.*  While the Special Master had proposed June 5, 2023 as the Preparation Launch Date, Appellees argued that the District Court should briefly delay the Preparation Launch Date further into June 2023.  *Id.*  Appellees did not ask for any delay in setting the "Launch Date" and appeared to agree with the Special Master's recommendation of setting September 5, 2023 as the Launch Date.  *Id.* at 3.

ConocoPhillips and Red Tree also submitted positions in the joint status report.  They reiterated their positions that their motions for issuance and service of writs of attachment could be granted based on the May 1 OFAC guidance and that their judgments could be added as Additional Judgments under the *Crystallex* Sale Procedures Order.  *Id.* at 4-5.  ConocoPhillips and Red Tree further reiterated their

arguments that they should have priority over the Appellees. *Id.* Appellees did not address ConocoPhillips and Red Tree's positions, much less ask the District Court to hold those cases in abeyance.

PDVSA took the position that no joint status report was due or permitted in light of this Court's Stay Order but nevertheless submitted a position under protest. *Id.* at 6. PDVSA explained that the District Court's order requesting the joint status report was only filed in the Appealed Cases and that those cases were stayed. *Id.* PDVSA further explained that it sought and obtained a stay from this Court on an emergency basis to obtain relief prior to the deadline for the joint status report. *Id.* Accordingly, PDVSA took the position that no further briefing can take place in the Appealed Cases in view of this Court's Stay Order. *Id.* at 7. Separately, PDVSA took the position that the motions filed by ConocoPhillips and Red Tree "are premature and also should be held in abeyance until the Third Circuit has lifted the stay." *Id.* at 6. PDVSA further argued that any briefing in the ConocoPhillips and Red Tree cases "should be aligned with briefing in the Appealed Cases." *Id.* at 7.

On May 10, 2023, the District Court entered an order in multiple cases, including Crystallex, ConocoPhillips, Red Tree and the Appealed Cases, requesting briefing and oral argument on a number of matters. *See, e.g., OIEG*, 19-mc-0290-LPS, D.I. 151. The District Court recognized that this Court had

stayed the proceedings in the Appealed Cases. *Id.* at ¶ 2. However, even though PDVSA explicitly sought and obtained the Stay Order to prevent any further briefing in the Appealed Cases and reiterated that position in the May 8 status report, the District Court concluded that this Court's Stay Order did not preclude Appellees from submitting briefing and participating in proceedings that are not stayed, such as *Crystallex*. *Id.* The District Court therefore invited Appellees to participate in the briefing in *Crystallex*, even though they are not parties to that action, and set forth a briefing schedule to address (i) which judgments should be regarded as Additional Judgments under the Crystallex Sale Procedures Order; (ii) whether to order service of any writs of attachment; and (iii) how to determine the priority of any judgments. *Id.* at ¶ 3. The District Court's briefing schedule partially overlaps with the briefing schedule set by this Court in these appeals. *Id.* at ¶ 4.

## APPELLEES HAVE NO GROUNDS FOR RECONSIDERATION OF THIS COURT'S STAY ORDER

Relying on the standards for reconsideration under Fed. R. Civ. P. 59(e), Appellees argue that the May 1 License constitutes "new evidence" warranting reconsideration of this Court's Stay Order. Mot. at 11. However, this Court has repeatedly held that, in order to obtain reconsideration based on "new evidence," the party seeking reconsideration must demonstrate that the evidence was not available at the time the court entered the order at issue. *See Blystone v. Horn*, 664

F.3d 397, 415-16 (3d Cir. 2011) (reconsideration proper only where "new evidence

… was not available <u>when the court granted the motion</u>") (emphasis original);

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251-52 (3d

Cir. 2010) (same); *Max's Seafood Cafe By Lou-Ann, Inc. v. Quinteros*, 176 F. 3d

669, 677 (3d Cir. 1999) (same); *see also OR v. Hutner,* 576 F. App'x 106, 110 (3d

Cir. 2014) (same).  Furthermore, the new evidence must "be material and not

merely cumulative"  such that it "would probably have changed the outcome."

*Compass Tech. v. Tseng Lab.*, 71 F.3d 1125, 1130 (3d Cir. 1995).  The party

requesting reconsideration "bears a heavy burden." *Id.*  Appellees have not come

close to satisfying that heavy burden.

The May 1 License is not *new* evidence.  Appellees were aware of the May 1

License by approximately 4 p.m. on May 4 and thus nearly a full day before this

Court granted PDVSA's Emergency Stay Motion at approximately 1 p.m. on May

5.  Appellees could have (and if they really thought it so material, should have)

submitted a letter pursuant to Fed. R. App. P. 28(j) to apprise this Court of the May

1 License before this Court entered the Stay Order.  Appellees failed to do so.

Appellees cannot ask this Court for reconsideration based on supposedly "new"

evidence that Appellees admittedly knew about, but failed to raise, before the

Court entered its Stay Order.

In addition, as Appellees acknowledge, reconsideration should be denied

"where [the] motion for reconsideration merely advance[s] the same arguments made in … prior motions."  Mot. at 11 (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).  That is the case here.  Appellees' motion for reconsideration merely rehashes the same arguments raised in their oppositions to PDVSA's Stay Motion.  In opposing PDVSA's stay motion, Appellees argued that the May 1 OFAC guidance reflected a change in the Venezuelan Sanctions Regime that removed the prior prohibitions on the issuance and service of writs of attachment in the absence of a license.  *See, e.g.,* Koch Opp., No. 23-1651, D.I. 26 at 14-15. Appellees argued that granting the stay would prejudice them by preventing them from asking the District Court to order the issuance and service of their writs of attachment based on the changes reflected in the May 1 OFAC guidance.  *See id.* Appellees further argued that, if a stay were granted, other creditors, such as ConocoPhillips and Red Tree, would be free to rely on the new OFAC guidance to obtain the issuance and service of writs of attachment and thereby obtain priority over Appellees.  *See id.*; *see also* Huntington Opp.*,* No. 23-1648, D.I. 24 at 14-15; ACL Opp., No. 23-1649, D.I. 22 at 15-16; OIEG Opp., No. 23-1647, D.I. 22 at 16-17.  Appellees' motion for reconsideration makes the same exact arguments that a stay will prejudice them based on changes to the Venezuelan Sanctions Regime – except their motion now relies on the May 1 License as additional evidence to support their prior arguments that the Venezuelan Sanctions Regime no longer

prohibits the issuance and service of writs of attachment.  Mot. at 2-3, 12-13.
Thus, the May 1 License is, at best, cumulative and does not constitute new
material evidence warranting reconsideration of the Stay Order.  *See Compass
Tech.*, 71 F.3d at 1130.[4]

If Appellees truly believed that they would be prejudiced if other judgment
creditors, such as ConocoPhillips and Red Tree, were able to rely on the May 1
License to obtain the issuance and service of writs of attachment during the stay,
then they should have sought relief in the first instance from the District Court.
While Appellees were aware that ConocoPhillips and Red Tree had pending
motions seeking the issuance and service of writs of attachments and priority over
Appellees before this Court entered the Stay Order, Appellees have never asked the
District Court to hold those motions in abeyance.  Because all of the related
creditor actions are pending in the District Court, the District Court would have the
authority to set a schedule that aligned the Appealed Cases with the other creditor
actions.  Had Appellees sought and been granted such relief, it would have avoided
any prejudice to Appellees and would have avoided any further infringement on
PDVSA's immunity under the FSIA.  But Appellees have not sought any such
relief in the District Court.  Even when ConocoPhillips and Red Tree reiterated

---

[4] The fact that Appellees have known about the May 1 License since May 4 and
waited nearly a week before bringing their motion for reconsideration belies any
notion that the May 1 License constitutes game-changing material new evidence.

their positions in the May 8 status report, Appellees simply ignored those positions and did not ask the District Court to take any action with respect to ConocoPhillips, Red Tree, or any other judgment creditors.  Having failed to ask the District Court for relief in the first instance, Appellees should not be heard that this Court lift the stay based on the actions of ConocoPhillips, Red Tree, or any other creditors.

Moreover, this is not an urgent matter.  Appellees' suggestion that they might miss the "window" for having their judgments added to the *Crystallex* sales process is speculative, at best.  The *Crystallex* Sale Procedures Order provides that the deadline for designating Additional Judgments is 10 days after the "Launch Date."  *See Crystallex*, 17-mc-151-LPS, D.I. 481 at ¶ 30.  While the Special Master has proposed September 5, 2023 as the Launch Date, that is just a proposal.  *See Crystallex*, 17-mc-151-LPS, D.I. 553 at 3-4.  The actual Launch Date likely will be later, for the reasons explained in PDVSA's Letter at 2.  Particularly given the expedited schedule for these appeals, Appellees' claims of harm are merely speculative.

Finally, Appellees' motion for reconsideration of the Stay Order should be denied in view of the fact this Court's Order is already being violated.  Appellees have suggested, and the District Court has adopted, that the District Court can move forward with additional briefing notwithstanding the Stay Order.  The

District Court did so by *inviting* Appellees to seek relief in the *Crystallex* action, in which Appellees are not parties and which is not subject to this Court's Stay Order. *See, e.g., OIEG*, 19-mc-0290-LPS, D.I. 151 at ¶ 2.  Appellees' actions, and the District Court's resulting order, have deprived PDVSA of the very relief that it sought and obtained from this Court – relief from having to defend against the results of the very order which is now on appeal.  Accordingly, PDVSA requests that this Court not only deny Appellees' motion for reconsideration but clarify that Appellees cannot circumvent the Stay Order by participating in other proceedings before the District Court to enforce the order that is on appeal.

## CONCLUSION

For these reasons, this Court should deny Appellees' motion for reconsideration and clarify that this Court's Order prohibits Appellees from participating in other proceedings before the District Court.

Respectfully Submitted,

*/s/ Joseph D. Pizzurro*

Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
Aubre G. Dean
Allesandra D. Tyler
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com

kmeehan@curtis.com
jperla@curtis.com

*Attorneys for Intervenor-Appellant*
*Petróleos de Venezuela, S.A.*

Submitted: May 12, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2023, I caused a copy of the foregoing opposition brief to be filed electronically with the United States Court of Appeals for the Third Circuit via the Court's Electronic Filing System, and to be served electronically upon all counsel of record through that system.

## CERTIFICATION OF BAR MEMBERSHIP

This brief complies with Local Appellate Rule 28.3(d) because at least one of the attorneys whose names appear on the brief, including Joseph D. Pizzurro, is a member in good standing of the bar of this Court.

## CERTIFICATION OF COMPLIANCE WITH RULE 27(d)

Pursuant to FRAP 32(g)(1), I hereby certify that this brief complies with the word limitation set forth in FRAP 27(d)(2)(A) because it does not exceed 5,200 words. This brief also complies with the typeface requirement of FRAP 32(a)(5) and the type style requirements of FRAP 32(a)(6) pursuant to FRAP 27(d)(1)(E) because it has been prepared in a proportional typeface in 14-point Times New Roman font. This PDF document that is being electronically filed also complies with L.A.R. 31.1(c) because it has been scanned with version 14 of Symantec Endpoint Protection and no virus was detected.

*s/ Joseph D. Pizzurro*
Joseph D. Pizzurro