# No. 23-1651

## In the
## United States Court of Appeals
### for the Third Circuit

---

BOLIVARIAN REPUBLIC OF VENEZUELA
*Defendant*
&
PETROLEOS DE VENEZUELA, S.A.
*Intervenor – Appellant*

v.

KOCH MINERALS SÀRL, KOCH NITROGEN INTERNATIONAL SÀRL
*Plaintiffs - Appellees*

-------------------------------------

**On Appeal from the United States District Court
for the District of Delaware**
Case no. 22-mc-156-LPS
Honorable Leonard P. Stark

---

### BRIEF OF APPELLEES

---

Laura Davis Jones
Peter J. Keane
Pachulski Stang Ziehl & Jones LLP
919 North Market Street,
Suite 1700
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
ljones@pszjlaw.com
pkeane@pszjlaw.com

Alexander A. Yanos
Rajat Rana
Robert Poole
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
(212) 210-9400
alex.yanos@alston.com
rajat.rana@alston.com
robert.poole@alston.com

*Counsel for Plaintiffs – Appellees*

# CORPORATE DISCLOSURE

Koch Nitrogen International Sàrl and Koch Minerals Sàrl are both wholly owned subsidiaries of Koch Fertilizer Holding GmbH and indirect subsidiaries of the following entities: KFH Luxembourg Holding I Sarl; KFH Holding, L.P.; Koch Fertilizer International Marketing, L.P.; KF Investment Financing, Ltd.; KAES Equity Holdings, LLC; KAES Investor, LLC; KF Investments, Ltd.; KAES Foreign Holdings, L.P.; Koch Ag & Energy Solutions; LLC, Koch Solutions, LLC; and Koch Industries, Inc.

No publicly held companies hold 10% or more of the stock of Koch Nitrogen International Sàrl or Koch Minerals Sàrl.

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE ................................................................................. i

INTRODUCTION ..................................................................................................1

ISSUES PRESENTED AND CROSS REFERENCES TO APPELLANTS'
     CONTENTIONS ..........................................................................................4

RELATED CASES AND PROCEEDINGS...........................................................4

STATEMENT OF THE CASE ...............................................................................5

SUMMARY OF ARGUMENT ..............................................................................7

STANDARD OF REVIEW ....................................................................................7

ARGUMENT ..........................................................................................................8

     I.     THE DISTRICT COURT CORRECTLY HELD THAT PDVSA
          LACKS SOVEREIGN IMMUNITY BECAUSE IT IS THE
          ALTER EGO OF VENEZUELA ..........................................................8

     II.    THE DISTRICT COURT'S APPLICATION OF FEDERAL LAW
          TO AUTHORIZE ATTACHMENT DOES NOT WARRANT
          REVERSAL ...........................................................................................8

CONCLUSION........................................................................................................8

CERTIFICATE OF SERVICE ..............................................................................10

CERTIFICATE OF BAR MEMBERSHIP............................................................11

COMBINED CERTIFICATE OF COMPLIANCE ..............................................12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*,
   932 F.3d 126 (3d Cir. 2019) ................................................................... 1, 5, 7, 8

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
   333 F. Supp. 3d 380 (D. Del. 2018) .................................................................. 1

*First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*,
   462 U.S. 611 (1983) ....................................................................................... 4, 7

*Jiménez v. Palacios*,
   250 A.3d 814 (Del. Ch. 2019), *aff'd*, 237 A.3d 68 (Del. 2020) ........................ 2

*Koch Minerals Sàrl v. Bolivarian Republic of Venez.*,
   Civil Action No. 17-cv-2559-ZMF, 2021 U.S. Dist. LEXIS 155363
   (D.D.C. Aug. 18, 2021) ..................................................................................... 5

*Rubin v. Islamic Republic of Iran*,
   138 S. Ct. 816, 823 (2018) ................................................................................ 8

**RULES**

Federal Rule of Civil Procedure 69(a) ..................................................................... 3

## INTRODUCTION

The Bolivarian Republic of Venezuela ("Venezuela") has a documented history of skirting its obligations to pay a long line of judgment creditors. In 2018, this Court affirmed a finding made by the Delaware District Court in litigation brought by Crystallex International Corporation that Venezuela's state oil company, Petróleos de Venezuela S.A. ("PDVSA"), is the alter ego of the state, thus rendering PDVSA's assets vulnerable to attachment to fulfill Venezuela's outstanding debts. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 386 (D. Del. 2018) ("*Crystallex I*"); *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 932 F.3d 126 (3d Cir. 2019) ("*Crystallex II*"). Based on that finding, Crystallex received a writ of attachment and has since prepared to auction the shares of PDV Holding, Inc. ("PDVH"), a Delaware corporation wholly owned by PDVSA, as a means of satisfying Venezuela's debt to Crystallex.

More recently, a second group of judgment creditors have come before the district court below seeking to participate in the same auction by requesting similar writs of attachment based on the same alter ego theory that Crystallex presented in 2018. Among this group are Appellees Koch Minerals Sàrl ("KOMSA") and Koch Nitrogen International Sàrl ("KNI") (collectively, the "Koch Parties"). This group was required to prove PDVSA's alter ego status in an additional evidentiary showing, though, because the district court found that the "pertinent time" for

1

analyzing the alter ego question "is the period between the filing of the motion seeking a writ of attachment and the subsequent issuance and service of that writ." JA75. As a result, this second group of creditors were required to account for the United States' recognition of a different government in Venezuela. Specifically, in 2019, after a disputed election, the United States recognized Interim President Juan Guaidó's administration as the government of Venezuela and rejected Nicolás Maduro's claim to keep power. After the split in Venezuela's government, Mr. Maduro retained *de facto* control within Venezuela and elsewhere while Mr. Guaidó's opposition government obtained control over Venezuelan assets located in the United States. *See Jiménez v. Palacios*, 250 A.3d 814, 822-23 (Del. Ch. 2019), *aff'd*, 237 A.3d 68 (Del. 2020).

Ultimately, in March of 2023, the Delaware district court again found that PDVSA is the alter ego of Venezuela—even when considering the Guaidó government's actions over PDVSA's assets in the United States alone. JA42-52. PDVSA subsequently stipulated to applying that ruling to the Koch Parties' motion for a writ of attachment. JA84-86. PDVSA and Venezuela now appeal that March 23 order, asserting two issues.

The first is the alter ego finding itself. Appellants cherry-pick discrete evidence that the district court considered, claiming that evidence, when considered in isolation, was not enough to prove PDVSA is an alter ego of Venezuela.

Venezuela.Br.26. Appellants are wrong and ignore the required holistic, totality-of-the-circumstances analysis employed by the district court and required under the applicable law. Viewed through the correct legal lens, any evidence supporting Appellants' claim that may be insufficient standing alone is still *relevant* to the overall conclusion. The district court properly reviewed the totality of the facts and circumstances concerning the relationship between the Venezuelan government and PDVSA and held that, while Interim President Guaidó and his government-in-exile appointed an "Ad Hoc Board" of PDVSA to run its operations in the United States, the Ad Hoc Board has *not* "restore[d] PDVSA's legal and practical independence," either in the United States or around the globe. Venezuela.Br.17. Instead, the district court noted extensive evidence of direct control and the commingling of funds by both the Maduro regime and President Guaidó's government-in-exile. The district court further noted that a significant portion of PDVSA's conduct stemmed from the direction and control of the Maduro regime which constitutes the *de facto* government within Venezuela. This Court should affirm that the collective evidence identified by the district court plainly supports an alter ego finding.

The second issue on appeal relates to whether the district court's alter ego finding entitles judgment creditors to a writ of attachment. Venezuela and PDVSA rely upon Federal Rule of Civil Procedure 69(a) to assert that the district court cannot authorize attachment without abiding by Delaware law, which purportedly requires

a showing of fraud or similar injustice to pierce the corporate veil. Venezuela.Br.45-56; PDVSA.Br.48-55. But this argument fundamentally misunderstands the role of federal and international law in this uniquely sensitive area. Neither PDSVA nor Venezuela square this position with the Supreme Court's clear direction in *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983) ("*Bancec*"), or this Court's later decision in *Crystallex II*. The Court should reject PDVSA's and Venezuela's attempt to upend well-established federal law and affirm the district court's decision to grant the Koch Parties a conditional writ of attachment.

## ISSUES PRESENTED AND CROSS REFERENCES TO APPELLANTS' CONTENTIONS

1.  Whether the district court correctly held that PDVSA lacks sovereign immunity because it is Venezuela's alter ego under *Bancec*. PDVSA.Br.20-48; Venezuela.Br.17-41.

2.  Whether the district court correctly applied *Bancec*, rather than Delaware state law, to determine that property held by PDVSA is subject to attachment. PDVSA.Br.48-55; Venezuela.Br.42-56.

## RELATED CASES AND PROCEEDINGS

The Koch Parties' case has not previously been before this Court, and no previous or pending appeal arose out of the same case or proceeding.

The present consolidated appeals are related to judgments entered in Nos. 16-cv-1533 (D.D.C.), 02-cv-785 (S.D. Miss.), 19-cv-9014 (S.D.N.Y.), 16-cv-2020 (D.D.C.), 17-cv-2559 (D.D.C.), and 14-cv-2014 (D.D.C.).

In addition, several other cases pending in federal district court in Delaware may be affected by this appeal: Nos. 15-cv-1082-LPS, 16-cv-0904-LPS, 16-cv-1007-LPS, 17-cv-0028-LPS, 17-mc-151-LPS, 19-cv-0290-LPS, and 19-mc-0342-LPS. This Court has previously considered appeals or mandamus petitions from some of those cases in Nos. 18-2797, 18-2889, and 18-3124, *see* 932 F.3d 126 (3d Cir. 2019); Nos. 21-1276, 21-1277, and 21-1289, *see* 24 F.4th 242 (3d Cir. 2022); and Nos. 23-1117 and 23-1687.

## STATEMENT OF THE CASE

The Koch Parties adopt by reference the statement of the case in the brief OI European Group B.V. ("OIEG") filed in Appeal No. 23-1647 and adds the following procedural history specific to the Koch Parties' action against Venezuela.

The Koch Parties' dispute with Venezuela dates back to October 10, 2010, when then-president of Venezuela, Hugo Chavez, expropriated the Koch Parties' interest in a company located within Venezuela. *Koch Minerals Sàrl v. Bolivarian Republic of Venez.*, Civil Action No. 17-cv-2559-ZMF, 2021 U.S. Dist. LEXIS 155363, at *2 (D.D.C. Aug. 18, 2021). The Koch Parties arbitrated their dispute with Venezuela in which the panel awarded KOMSA $140.25 million and KNI

5

$184.8 million. *Id*. at *3 The arbitrators later modified KNI's award, reducing it from $184.8 million to $166.7 million. *Id.*

On February 22, 2022, the United States District Court for the District of Columbia entered a consolidated final judgment enforcing the awards. *See* JA215-16. Then, on October 7, 2022, the Koch Parties filed a motion for a conditional writ of attachment *fieri facias* after registering its judgment before the district court. JA214; JA259. The Koch Parties sought a conditional writ because the United States sanctions regime against Venezuela requires a specific license from the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") before a court can issue a final writ of attachment on Venezuelan property.[1]

On March 23, 2023, the district court issued an order in parallel proceedings in favor of other judgment creditors finding that an alter ego relationship did exist between PDVSA and Venezuela (at least until October of 2022). *See* JA23-83. In that order, the district court weighed an extensive evidentiary record presented in an April 2021 hearing. *See* JA8297. Subsequently, PDVSA consented to applying the

---

[1] As the lower court recognized in its March 2, 2022, opinion, "[u]nder certain executive orders and a sanctions regime implemented by [OFAC], the PDVH Shares are 'blocked property,' so transactions involving those shares are prohibited. Thus, each judgment creditor admits that any writ of attachment for the PDVH Shares should not be served until either OFAC grants it a specific license to obtain an interest in the PDVH Shares or the sanctions regime changes and the PDVH Shares are no longer blocked." JA96.

6

district court's March 23rd order to the Koch Parties' motion for a conditional writ of attachment. JA84-86.

PDVSA thereafter instituted this appeal seeking to reverse the district court's latest finding.

## SUMMARY OF ARGUMENT

I. As to the first issue presented, the Koch Parties adopt by reference the summary of argument in the OIEG Brief in Appeal No. 23-1647.

II. As to the second issue presented, the Koch Parties adopt by reference the summary of argument in the brief filed by ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd (together, "ACL") in Appeal No. 23-1649.

## STANDARD OF REVIEW

This Court reviews findings of fact for clear error and legal questions de novo, and it reviews de novo the "ultimate determination whether to treat PDVSA as Venezuela's alter ego." *Crystallex II*, 932 F.3d at 136. The burden of proof is a "preponderance of the evidence" standard. *Id.* at 145-46.

Under *Bancec*, the separate identity of a sovereign state and its instrumentality should be disregarded where the state exercises extensive control over the instrumentality. *Id.* at 146-49. Courts consider five factors as part of a holistic approach to alter-ego status: "(1) the level of economic control by the government,

7

(2) whether the entity's profits go to the government; (3) the degree to which government officials manage the entity or otherwise have a hand in its daily affairs; (4) whether the government is the real beneficiary of the entity's conduct; and (5) whether adherence to separate identities would entitle the foreign state to benefits in the United States while avoiding its obligations." *Crystallex II*, 932 F.3d at 141 (*citing Rubin v. Islamic Republic of Iran*, 138 S. Ct. 816, 823 (2018)).  These factors are not inflexible; they are "meant to aid case-by-case analysis" of the totality of the circumstances "rather than establish a 'mechanical formula.'" *Id.*

## ARGUMENT

### I. THE DISTRICT COURT CORRECTLY HELD THAT PDVSA LACKS SOVEREIGN IMMUNITY BECAUSE IT IS THE ALTER EGO OF VENEZUELA

The Koch Parties adopt by reference the first section of the argument in the OIEG Brief filed in Appeal No. 23-1647.

### II. THE DISTRICT COURT'S APPLICATION OF FEDERAL LAW TO AUTHORIZE ATTACHMENT DOES NOT WARRANT REVERSAL

The Koch Parties adopt by reference the second section of the argument in the ACL Brief in filed in Appeal No. 23-1649.

## CONCLUSION

For the reasons detailed in the briefs submitted by OIEG and ACL, the Koch Parties request that the Court affirm the district court's March 23, 2023 order.

Dated: May 24, 2023

                                                                                /s/ Alexander A. Yanos

Alexander A. Yanos
Rajat Rana
ALSTON & BIRD, LLP
90 Park Avenue, 15th Floor
New York, NY 10016-1387
212-210-9400
alex.yanos@alston.com
rajat.rana@alston.com

Robert Poole
ALSTON & BIRD, LLP
1201 W Peachtree St NE #4900
Atlanta, GA 30309
404-882-4547
robert.poole@alston.com

Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, Suite 1700
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
ljones@pszjlaw.com
pkeane@pszjlaw.com
*Counsel for Plaintiffs – Appellees*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May, 2023, I caused a copy of the foregoing response to be filed electronically with the United States Court of Appeals for the Third Circuit via the Court's Electronic Filing System, and to be served electronically upon all counsel of record through that system.

Dated: May 24, 2023
      New York, New York

                                         Alexander A. Yanos
                                         ALSTON & BIRD, LLP
                                         90 Park Avenue, 15th Floor
                                         New York, NY 10016-1387
                                         212-210-9400
                                         alex.yanos@alston.com
                                         *Counsel for Plaintiffs – Appellees*

## **CERTIFICATE OF BAR MEMBERSHIP**

I, Alexander A. Yanos, counsel for Plaintiffs-Appellees Koch Nitrogen International Sàrl and Koch Minerals Sàrl, hereby certify pursuant to Rule 28.3(d) that I am a member in good standing of the bar of the Court of Appeals for the Third Circuit.

Dated: May 24, 2023
　　　　New York, New York

Alexander A. Yanos
ALSTON & BIRD, LLP
90 Park Avenue, 15th Floor
New York, NY 10016-1387
212-210-9400
alex.yanos@alston.com
*Counsel for Plaintiffs – Appellees*

**COMBINED CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g)(1), I hereby certify this response brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1,765 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word version 2208 with 14-point Times New Roman font. I also certify that the text of the electronic copy of this brief is identical to the text of the paper copies of the brief filed with the Court and that this file was scanned with "Cortex XDR," version 7.9.1.26645, and no viruses were detected.

Dated: May 24, 2023
      New York, New York

Alexander A. Yanos
ALSTON & BIRD, LLP
90 Park Avenue, 15th Floor
New York, NY 10016-1387
212-210-9400
alex.yanos@alston.com
*Counsel for Plaintiffs – Appellees*